FILED
CLERK, U.S. DISTRICT COURT

FEB 1 8 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Tammy Thomas
800 Linden Avenue #31
Long Beach, California, 90813
Telephone: 562-443-0929

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

|  |  |
|---|---|
| TAMMY THOMAS<br><br>                Plaintiff,<br><br>V.<br><br>WELLS FARGO DEALER SERVICES;<br>NADINE GARCIA; AND DOES 1 through<br>10 Inclusive<br><br>                Defendant(s). | Case No: 2:13-cv-05168 RGK (PJWx)<br>Hon. R. Gary Klausner<br>Ctrm. 850<br><br>**PLAINTIFFS' NOTICE OF MOTIO AND<br>MOTION FOR RECONSIDERATION OF<br>ORDER DEFENDANT'S MOTION TO<br>COMPEL ARBITRATION (DE 8);<br>MEMORANDUM OF<br>POINTS AND AUTHORITIES;<br>DECLARATION OF TAMMY THOMAS**<br><br>**FRCP 54(b)**<br><br>Date: March 17, 2014<br>Time: 9:00A.M.<br>Ctrm. 850<br><br>Action Filed: July 31, 2013<br>Trial Date: None Set |

RECEIVED
BUT NOT FILED

FEB 1 8 2014

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY                              DEPUTY

Tammy Thomas ("Plaintiff"), on behalf of herself and all others similarly situated,

submits this memorandum in motion to reconsider Defendant WELLS FARGO DEALER

SERVICES ("Defendants") motion to compel individual, non-class arbitration and to stay

1

**PLAINTIFFS' NOTICE OF MOTIO AND MOTION FOR RECONSIDERATION OF
ORDER DEFENDANT'S MOTION TO COMPEL ARBITRATION (DE 8);
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TAMMY
THOMAS**

litigation (the "Motion"):

Before a party may be compelled into arbitration, a District Court must engage in an inquiry whether a valid arbitration agreement exists. Houlihan v. Offerman 31 F. 3d 692 (DC SD, 1994). The Courts have held that a party must contractually agree to arbitration. EEOC v. Wajjle House, Inc. 534 US 279 (2002). A party cannot be bound to arbitration, or even a determination of whether arbitration is called for, without express agreement. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995).

Defendants insist that Plaintiff pay all of the cost and fees for Arbitration. Defendant motion the court to compel Arbitration as a resolution to this matter. Plaintiff should not have to pay the costs of arbitration, as Plaintiff is not the party seeking that venue. Shankle v. B-G Maintenance Management of Colorado, Inc., 163 F.3d 1230 (lOth Cir. 1999). If this Honorable Court were to grant Defendant(s) arbitration, then Plaintiff requests that the Court direct Defendant( s) to pay the costs of the arbitration.

Plaintiff reasons that the actions by defendant are highly inappropriate and in effect are playing loosely with rules. Plaintiff feels defendants were never interested in achieving a remedy in good faith, thus Plaintiff is requesting and order for reconsideration and allow Plaintiff prosecute this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 54(b) provides a seemingly liberal standard allowing district courts to revisit non-final orders in their discretion. The Rule provides that:

Any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the

2

**PLAINTIFFS' NOTICE OF MOTIO AND MOTION FOR RECONSIDERATION OF ORDER DEFENDANT'S MOTION TO COMPEL ARBITRATION (DE 8); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TAMMY THOMAS**

action as to any of the claims or parties, and the order or other form of decision is *subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

     The Second Circuit, like other courts, has limited district courts' reconsideration of earlier decisions under Rule 54(b) 'by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Official Comm. of Unsecured Creditors v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003). The Second Circuit requires, as a rule, one of three tests to be satisfied: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Id.* Sometimes, not a lot may be required to satisfy this facially rather rigorous standard. In *Alvarez v. QPI Multipress, Inc.,* 2007 U.S. Dist. LEXIS 48588 (N.D.N.Y. July 5, 2007), a products liability action, the Court had granted the defendant manufacturer's motion for summary judgment. The plaintiff sought reconsideration asserting (i) the "availability of new evidence" and (ii) "the need to prevent a manifest injustice" to support his motion for reconsideration — because, through a clerical oversight, one page of his expert's affidavit had been omitted from the plaintiff's opposition papers. Held, even though most of the points had been made elsewhere in plaintiff's opposition papers, 'in an abundance of caution and in order to prevent any manifest

**PLAINTIFFS' NOTICE OF MOTIO AND MOTION FOR RECONSIDERATION OF ORDER DEFENDANT'S MOTION TO COMPEL ARBITRATION (DE 8); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TAMMY THOMAS**

1  injustice that might result from the Court's failure to examine all of the relevant information," the

2  Court granted the motion for reconsideration and reversed its grant of summary judgment in

3  favor of the defendant manufacturer.

4  *2/14/14*

   Respectfully Submitted,

5

6  By: *Tammy Thomas*

7  Tammy Thomas
   In Pro Per

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**PLAINTIFFS' NOTICE OF MOTIO AND MOTION FOR RECONSIDERATION OF
ORDER DEFENDANT'S MOTION TO COMPEL ARBITRATION (DE 8);
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TAMMY
THOMAS**

## DECLARATION OF TAMMY THOMAS

I, Tammy Thomas declare I am a resident in California and I am the plaintiff in this matter

and declare that the foregoing is true and correct under penalty of perjury under the laws of the

state of California, and can and will testify to such in any court or hearing. Executed in the state

of California, in the County of Los Angeles, California.

I declare under the penalty of perjury under the laws of the State of California that

the foregoing is true and correct. Executed this 14th day of February, 2014 at Los Angeles,

California.

By: _Tammy Thomas_
Tammy Thomas
In Pro Per

5

**PLAINTIFFS' NOTICE OF MOTIO AND MOTION FOR RECONSIDERATION OF
ORDER DEFENDANT'S MOTION TO COMPEL ARBITRATION (DE 8);
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TAMMY
THOMAS**

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

    I am employed in the aforesaid county, State of California, I am over the age of 18 years and not a party to the action; my business address is 800 Linden Avenue, Long Beach, Ca. 90813

On February 14, 2014, I served **PLAINTIFFS' NOTICE OF MOTIO AND MOTION FOR RECONSIDERATION OF ORDER DEFENDANT'S MOTION TO COMPEL ARBITRATION (DE 8); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TAMMY THOMAS** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage, addressed as:

SEVERSON & WERSON
David Berkley
A Professional Corporation
19100 Von Karman Avenue
Irvine, CA. 92612

**(BY MAIL)**

    I deposited such envelope in the mail at Long Beach, California envelope was mailed with postage thereon fully prepaid.

    I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with the United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid in Long Beach, California, in the ordinary course of such business.

**(STATE)**        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 14, 2014, at Long Beach, California.

_____
Angel Farwell

6

**PLAINTIFFS' NOTICE OF MOTIO AND MOTION FOR RECONSIDERATION OF ORDER DEFENDANT'S MOTION TO COMPEL ARBITRATION (DE 8); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TAMMY THOMAS**