SCOTT J. HYMAN (State Bar No. 148709)
ERIC J. TROUTMAN (State Bar No. 229263)
DAVID A. BERKLEY (State Bar No. 260105)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO DEALER SERVICES,
A DIVISION OF WELLS FARGO
BANK, N.A. (erroneously sued as
WELLS FARGO DEALER SERVICES);
and NADINE GARCIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| TAMMY THOMAS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO DEALER SERVICES; NADINE GARCIA; AND DOES 1 through 10 Inclusive,<br><br>　　　　Defendants. | Case No. 2:13-cv-05168 RGK (PJWx)<br>Hon. R. Gary Klausner<br>Ctrm. 850<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>*[Filed concurrently with Declaration of David A. Berkley in support thereof]*<br><br>Date:  March 17, 2014<br>Time:  9:00 A.M.<br>Ctrm: 850<br><br>Action Filed:  July 31, 2013<br>Trial Date:    None Set |

08999.0147/3133826.1

## I. PLAINTIFF HAS NOT PRESENTED GROUNDS FOR RECONSIDERATION

The Court should summarily deny Plaintiff Tammy Thomas' request for reconsideration of its October 1, 2013 Order granting Wells Fargo's motion to compel arbitration as there has been no material change in fact or law since the Court issued its order. CDCA Local Rule 7-18 states in pertinent part that:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

(CDCA L-R 7-18.)

By its October 1, 2013 Order the Court found: (1) the Retail Installment Sales Contract ("RISC") between Plaintiff and Wells Fargo contained an arbitration provision; (2) Plaintiff's claims against Wells Fargo fall within said provision; and (3) that the arbitration clause is enforceable and the Federal Arbitration Act ("FAA") governs its enforcement. See 10/01/13 Court Order (Doc. No. 15.) Plaintiff presents no evidence, facts or circumstances necessitating a reconsideration of any of these findings. As such, Wells Fargo respectfully requests that the Court deny Plaintiff's instant motion.

## II. THE REQUIREMENT THAT PLAINTIFF PAY TO INITIATE THE ARBITRATION IS NOT A BASIS TO REQUEST RECONSIDERATION

Plaintiff claims that "Defendants insist that Plaintiff pay all of the cost and fees for Arbitration." See *Motion*, at 2:9 (Doc No. 18.) That is not true.

The parties agreed to use the American Arbitration Association ("AAA") as the alternative dispute resolution provider to handle the arbitration. (Berkley Decl., at ¶ 2.) Pursuant to the AAA Consumer-Related Disputes Supplementary

1  Procedures, the consumer (i.e. Plaintiff/Claimant) is obligated to pay a $200.00
2  filing fee in order to initiate her claim.  (See AAA Consumer-Related Disputes
3  Supp. Proc. at 12-14, Ex. 1 to Berkley Decl.)  All other expenses related to the
4  arbitration "shall be borne by the business" (i.e. Wells Fargo).  (*Id.*)  In other words,
5  Wells Fargo has agreed to—and will—pay all arbitration costs but Plaintiff's initial
6  deposit.[1]

7       Moreover, there is a provision in the AAA Consumer-Related Disputes
8  Supplementary Procedures which explains that under C.C.P. § 1284.3, a consumer
9  with a gross monthly income of less than 300% of the federal poverty guidelines is
10 entitled to a waiver of the fees.  (*Id.*, at 12.)

11      Despite these procedures, Plaintiff has yet to initiate the arbitration by filing
12 her claim with AAA, pay the $200.00, or even request a fee waiver if applicable.
13 (Berkley Decl., at ¶ 3.)  Hence, the required fees to commence the arbitration are
14 not a basis for reconsideration.

15 **III.   PLAINTIFF, AS CLAIMANT, MUST INITIATE THE ARBITRATION**

16      Plaintiff also suggests that Wells Fargo should initiate arbitration for her.
17 However Plaintiff, and not Wells Fargo, is the claimant here. She is the master of
18 her claim and she must commence and prosecute her dispute. The Court has
19 compelled that the matter be arbitrated and Plaintiff must comply with that order.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /

---

[1] Although Wells Fargo does not believe the Plaintiff's AAA fees are unreasonable, Wells Fargo is willing to pay even the Plaintiff's portion of the fees to move things along.  (Berkley Decl., at ¶ 5.)

## IV. CONCLUSION

Based on the foregoing, Wells Fargo respectfully requests that the Court deny Plaintiff's motion for reconsideration.

DATED: February 24, 2014

SEVERSON & WERSON
A Professional Corporation

By: _/s/ David A. Berkley_
David A. Berkley

Attorneys for Defendant
WELLS FARGO DEALER SERVICES, A DIVISION OF WELLS FARGO BANK, N.A. (erroneously sued as WELLS FARGO DEALER SERVICES)

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On February 24, 2014, I served true copies of the following document(s):

**DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

on the interested parties in this action as follows:

Tammy Thomas                           Plaintiff, In Pro Per
800 Linden Ave. #31                    (424) 288-1743
Long Beach, CA  90813                  (562) 443-0929

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 24, 2014, at Irvine, California.

                                    /s/ David A. Berkley
                                    David A. Berkley